UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA JACKSON, Individually and On Behalf of All Others Similarly Situated, </br></br> *Plaintiff*, </br></br> v. </br></br> WGL HOLDINGS, INC., MICHAEL D. BARNES, GEORGE P. CLANCY, JR., JAMES W. DYKE, JR., LINDA GOODEN, JAMES F. LAFOND, DEBRA L. LEE, TERRY D. MCALLISTER, and DALE ROSENTHAL, </br></br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No 1:17-cv-00530-RCL |

**STIPULATION OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)**

**WHEREAS**, on January 25, 2017, WGL Holdings, Inc. ("WGL" or the "Company") entered into an agreement and plan of merger ("Merger Agreement") with AltaGas Ltd. ("AltaGas") pursuant to which the Company's shareholders would receive $88.25 in cash for each share of WGL stock that they own (the "Proposed Transaction");

**WHEREAS**, on March 10, 2017, WGL filed with the Securities and Exchange Commission ("SEC") its preliminary proxy statement ("Preliminary Proxy Statement") in support of the Proposed Transaction;

**WHEREAS**, on March 23, 2017, Plaintiff Lisa Jackson ("Plaintiff") filed the above-captioned putative class action (the "Action") alleging that Defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder (the "Exchange Act") by causing the allegedly materially incomplete and misleading Preliminary Proxy Statement to be filed;

**WHEREAS,** on March 28, 2017, another putative class action was filed by a plaintiff named Paul Parshall, who is represented by the same counsel as Plaintiff (in addition to other counsel), and who also alleged that Defendants (in addition to AltaGas and another entity, who are not defendants in the above-captioned action) violated the Exchange Act;

**WHEREAS**, on March 31, 2017, WGL filed with the SEC its Definitive Proxy Statement (the "Definitive Proxy Statement") in support of the Proposed Transaction;

**WHEREAS**, the Definitive Proxy Statement announced that a vote of WGL shareholders regarding the Proposed Transaction would be held on May 10, 2017;

**WHEREAS**, on April 14, 2017, Plaintiff filed a Motion for Preliminary Injunction to enjoin the May 10, 2017 shareholder vote on the Proposed Transaction unless and until Defendants cured their alleged Exchange Act violations;

**WHEREAS**, counsel for the parties engaged in arm's-length negotiations to attempt to resolve the claims raised in Plaintiff's Complaint and Motion for Preliminary Injunction;

**WHEREAS**, on May 1, 2017, the parties agreed on a draft of supplemental disclosures related to the Proposed Transaction (the "Supplemental Disclosures"), which Plaintiff believes address and moot her claims regarding the sufficiency of the disclosures in the Preliminary Proxy Statement and Definitive Proxy Statement, and, based on the agreement that Defendants would file the Supplemental Disclosures with the SEC, Plaintiff withdrew her Motion for Preliminary Injunction;

**WHEREAS**, Defendants filed with the SEC a supplement to the Definitive Proxy Statement that included the Supplemental Disclosures on May 1, 2017, after the market closed;

**WHEREAS**, Plaintiff's Counsel believes they may assert a claim for a fee in connection with the prosecution of the Action and the issuance of the Supplemental Disclosures, and have

informed Defendants of their intention to petition the Court for such a fee if their claim cannot be resolved through negotiations between counsel for Plaintiff and Defendants (the "Fee Application");

**WHEREAS**, all of the Defendants in the Action reserve all rights, arguments and defenses, including the right to oppose any potential Fee Application;

**WHEREAS**, no class has been certified in the Action;

**WHEREAS**, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or her attorneys, and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award; and

**WHEREAS**, Defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious.

## STIPULATION

**NOW, THEREFORE IT IS STIPULATED AND AGREED**, by and among the undersigned counsel for the parties:

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiff only. All claims on behalf of the putative class are dismissed without prejudice.

2. The Court retains jurisdiction over the Action solely for the limited purpose of determining Plaintiff's Counsel's forthcoming Fee Application, if such Fee Application becomes necessary.

3. Plaintiff's undersigned Counsel will not assert a claim for a fee in connection with any other action or proceeding challenging the disclosures in the Company's Preliminary Proxy

Statement and Definitive Proxy statement, including, without limitation, in connection with *Parshall* v. *WGL Holdings, Inc., et al.*, No. 1:17-cv-00560 (D.D.C.) (filed Mar. 28, 2017).

4. This Order is entered without prejudice to any right, position, claim, or defense any party may assert with respect to the Fee Application, which includes the Defendants' right to oppose the Fee Application.

5. To the extent that the parties are unable to reach an agreement concerning the Fee Application, they may contact the Court regarding a briefing schedule and hearing to present such application to the Court.

6. Upon completion of briefing, the parties shall promptly contact the Court to schedule argument regarding Plaintiff's Counsel's Fee Application at a time convenient to the Court.

7. If the parties reach an agreement concerning the Fee Application, they will notify the Court. Upon such notification, the Court will close the Action.

Respectfully submitted this 11th day of May, 2017.

| **LEVI & KORSINSKY LLP** | **KIRKLAND & ELLIS LLP** |
|---|---|
| */s/Elizabeth K. Tripodi* | */s/Matthew E. Papez* |
| Elizabeth K. Tripodi (#979154) | Matthew E. Papez, P.C. (#473975) |
| Donald J. Enright (MD#013551) | James P. Gillespie, P.C. (#427773) |
| 1101 30th Street NW | Damon C. Andrews (#1008385) |
| Suite 115 | KIRKLAND & ELLIS LLP |
| Washington, D.C. 20007 | 655 Fifteenth Street, N.W. |
| Telephone: (202) 524-4290 | Washington, D.C. 20005 |
| Facsimile: (202) 333-2121 | Telephone: (202) 879-5000 |
| Email: denright@zlk.com | Facsimile: (202) 879-5200 |
| etripodi@zlk.com | Email: james.gillespie@kirkland.com |
| | matthew.papez@kirkland.com |
| | damon.andrews@kirkland.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**PURSUANT TO THE STIPULATION OF DISMISSAL, IT IS SO ORDERED.**

_____
Honorable Royce C. Lamberth
United States District Judge

DATED: _____, 2017